# The United States Court of Federal Claims

No. 10-661T
(Filed: November 14, 2011)

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| GORDON W. BUSH, et al., | |
| | Tax Equity and Fiscal Responsibility Act of |
| | 1982 ("TEFRA"); RCFC 12(b)(1) dismissal |
| Plaintiffs, | for lack of jurisdiction; 26 U.S.C. § 7422(h); |
| | refund action for a refund "attributable to |
| v. | partnership items"; 26 U.S.C. § 6621(c); |
| | penalty interest for tax motivated |
| THE UNITED STATES, | transactions. |
| | |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * *

*Thomas E. Redding*, Houston, TX, for plaintiff. *Sallie W. Gladney*, Houston, TX, of counsel.

*Christopher S. Dove*, U.S. Department of Justice, Washington, D.C., with whom was *John A. DiCicco*, Principal Deputy Assistant Attorney General, for defendant.

**O P I N I O N**

**FIRESTONE**, *Judge*.

The court has pending before it the United States' motion to dismiss, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiffs' tax refund claims that challenge the assessment of tax motivated interest under former § 6621(c) of the Internal Revenue Code ("I.R.C.").[1] Also pending is the

---

[1] All references to the I.R.C. are in Title 26. Former § 6621(c) was added to the I.R.C. in 1984 to discourage the growth of abusive tax shelters. See Deficit Reduction Act of 1984, Pub. L. No. 98-369, § 144(a), 98 Stat. 682; Staff of the Joint Committee on Taxation, 98th Cong., General

plaintiffs' motion for summary judgment on those same claims. The plaintiffs, Gordon R. and Jennifer L. Cooke, filed the present action seeking a refund of § 6621(c) interest for tax years 1983 and 1984.[2] The Cookes allege that the Internal Revenue Service ("IRS") improperly assessed tax motivated interest against Mr. Cooke under § 6621(c), in connection with his limited partnership interest in Dillon Oil Technology Partners. Section 6621(c)(1) imposed an interest rate of 120% of the statutory rate on any "substantial underpayment attributable to tax motivated transactions."[3] I.R.C. § 6621(c)(1). The plaintiffs contend that the imposition of § 6621(c)(1) interest was improper as a matter of law.

In its motion to dismiss, the government argues that pursuant to § 7422(h) this court may not consider plaintiffs' claims regarding the merits of the penalty assessment.[4] The government contends that § 7422(h) bars this court from considering in an individual refund action any challenge "attributable to partnership items." The government further

---

Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, 485-86 (Joint Comm. Print 1984). This provision was repealed by the Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, § 7721(b), 103 Stat. 2399. The repeal was effective for tax returns due after December 31, 1989.

[2] Pursuant to the parties' joint stipulation, the Cookes have been designated as the representatives for all of the plaintiffs in this action with respect to all § 6621(c)-based claims. See Order Granting Joint Mot. to Designate Representative Pls., Jan. 12, 2011, ECF No. 18; Stipulation, Jan. 13, 2011, ECF No. 19. As such, the court's decision will be binding on the Cookes and all remaining plaintiffs.

[3] Tax Motivated Transaction ("TMT") was defined in § 6621(c)(3)(A)(v) to mean "any sham or fraudulent transaction." I.R.C. § 6621(c)(3)(A)(v). A "substantial underpayment" was any underpayment exceeding $1,000 per tax year. I.R.C. § 6621(c)(2).

[4] Section 7422(h) states: "No action may be brought for a refund attributable to partnership items (as defined in § 6231(a)(3)) except as provided in § 6228(b) or § 6230(c)." I.R.C. § 7422(h).

argues that the plaintiffs' claims based on the imposition of § 6621(c) interest are also barred under § 6230 of the Code. Under § 6230, any claim challenging the computation of a partnership-related penalty assessment, i.e., an overpayment "attributable to a partnership item," must be filed with the IRS within six months of the notice of a computational adjustment to the partner. See I.R.C. § 6230(c)(2)(A). The plaintiffs respond that their claim does not involve the "computation" of penalty interest and therefore they are not subject to § 6230.

Based on a careful review of the motions and following oral argument, the court **GRANTS** the government's motion to dismiss the plaintiffs' § 6621(c) claims for lack of jurisdiction and **DENIES** the plaintiffs' motion for summary judgment as moot.

## I. Background

### A. Statutory Background

The Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-71 (codified in scattered sections of the I.R.C.), was enacted to achieve consistent tax treatment for all partners in the same partnership and to remove the administrative burden of handling partnership matters on the IRS. See H.R. Rep. No. 97-760 at 599-600 (1982) (Conf. Rep.), reprinted in 1982 U.S.C.C.A.N. 1190. Under TEFRA, the tax treatment of all "partnership items" is determined at the partnership, rather than the individual partner, level. Bush v. United States, 655 F.3d 1323, 1325 (Fed. Cir. 2011) (citations omitted). TEFRA defines the term "partnership item" to mean "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the

Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." I.R.C. § 6231(a)(3). Regulations promulgated under § 6231 provide that the term "partnership item" includes "legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." 26 C.F.R. § 301.6231(a)(3)-1(b).[5]

When the IRS disagrees with a partnership's reporting of a partnership item, it issues a Notice of Final Partnership Administrative Adjustment ("FPAA") in advance of making an assessment against the partners with regard to that partnership item. Under TEFRA, the Tax Management Partner ("TMP") -- the partner designated to act as liaison with the IRS and as the representative of the partnership in judicial proceedings -- has the exclusive right to challenge the proposed adjustments in the Tax Court, United States District Court, or the Court of Federal Claims. I.R.C. § 6226(a). If a petition challenging the adjustments in the FPAA is filed, each partner with an interest in the outcome of the petition is treated as a party. I.R.C. § 6226(c)-(d). If the TMP does not file suit within the time provided, other partners may file suit within a prescribed time period to challenge the IRS's FPAA. I.R.C. § 6226(b)(1). In addition, the court reviewing the

---

[5] Examples of these determinations are:

> The partnership's method of accounting, taxable year, and inventory method; whether an election was made by the partnership; whether partnership property is a capital asset, § 1231 property, or inventory; whether an item is currently deductible or must be capitalized; whether partnership activities have been engaged in with the intent to make a profit for purposes of § 183; and whether the partnership qualifies for the research and development credit under § 30.

26 C.F.R. § 301.6231(a)(3)-1(b).

petition has jurisdiction to determine all partnership items to which the FPAA relates, the proper allocation of such items among partners, and the applicability of any penalty that relates to an adjustment to a partnership item.  I.R.C. § 6226(f).

Section 7422(h) was enacted as part of TEFRA.  Consistent with TEFRA's regulatory scheme, § 7422(h), in pertinent part, precludes any individual tax refund action for a refund "attributable to partnership items."  I.R.C. § 7422(h).  As noted above, under TEFRA's statutory scheme the tax treatment of any partnership item "shall be determined at the partnership level."  I.R.C. § 6221.

TEFRA also provides for specific partner-level refund procedures.  Under § 6230, if the IRS erroneously computes an adjustment based on partnership items that is then allocated to an individual partner, the partner must file a refund claim within six months after the IRS mails notice of the computational adjustment to the partner.  I.R.C. § 6230(c)(2)(A).

### B. Factual Background

In 1983 and 1984 Gordon Cooke invested as a limited partner in Dillon Oil Technology Partners-1982 ("Dillon Oil"), one of a group of partnerships that are generally referred to as the Elektra partnerships.  On April 15, 1987, the IRS issued an FPAA for Dillon Oil's 1983 tax year.  Between March 30, 1987 and April 15, 1987, the IRS also issued FPAAs for each of six other Elektra partnerships for tax year 1983.  In response, the TMP for these seven Elektra partnerships, including Dillon Oil, challenged the adjustments proposed by the IRS in the 1983 FPAAs by filing a single § 6226(a)

TEFRA partnership-level case in the Tax Court at Vulcan Oil Tech. Partners v. Commissioner, No. 21530–87.

On April 11, 1988, the IRS issued a combined FPAA for Dillon Oil's 1984 and 1985 tax years.  Between March 28, 1988 and June 30, 1988, the IRS issued FPAAs for each of six other Elektra partnerships for tax years 1984 and 1985.  In response, the TMP for these seven Elektra partnerships, including Dillon Oil, challenged the adjustments proposed by the IRS in the 1984 and 1985 FPAAs by filing a single § 6226(a) TEFRA partnership-level case in the Tax Court at Vulcan Oil Technology Partners v. Commissioner, No. 16768-88.

Thereafter, the Vulcan Oil case was stayed pending the Tax Court decision in Krause v. Comm'r, Nos. 16425-86, 33231-86.  Krause was designated as the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." Krause v. Comm'r, 99 T.C. 132, 133 (1992), including the Dillon Oil partnership.  The Krause Court concluded that the partnerships' debt obligations and fee licenses were not legitimate obligations, held that the transactions did not constitute legitimate, for-profit business obligations, and expressly imposed enhanced interest under § 6621(c). Id. at 168-69, 175-76, 180.  In making this finding, the Krause court held that enhanced interest under § 6621(c) was proper under § 183 of the Code.[6]  Id.  Krause was later affirmed by

---

[6] The plaintiffs argue that the Krause court misapplied § 183 as a basis for imposing § 6621(c) interest, based on the holdings in Copeland v. Comm'r, 290 F.3d 326 (5th Cir. 2002) and Weiner v. United States, 389 F.3d 152 (5th Cir. 2004).  As set forth in their complaint, the plaintiffs assert that the Copeland court determined that the § 183 analysis in Krause "was wrong as a matter of law." Compl. at 32.  The plaintiffs further allege that under Weiner a § 6621(c) penalty is appropriate only where every basis asserted in the FPAA for disallowing deductions is on

- 6 -

the Tenth Circuit in Hildebrand v. Comm'r., 28 F.3d 1024 (10th Cir. 1994), cert. denied, 513 U.S. 1078 (1995).

Following the decision in Krause, the Vulcan Oil court considered objections made by the TMPs for certain Elektra partnerships, including Dillon Oil, regarding the IRS's practices when negotiating with partnerships that had not settled with the IRS before Krause was decided. Vulcan Oil Tech. Partners v. Comm'r, 110 T.C. 153 (1998). In rejecting the partnerships' objections, the Vulcan Oil court reiterated that any partnership that had not settled with the IRS would be bound by the opinion in Krause, explaining:

> In [Acierno v. Comm'r, T.C.M. 1997-441] we found that the Denver-based partnerships that are involved in the instant cases were similar to the Manhattan and Wichita partnerships that were involved in the lead test cases in the Elektra Hemisphere tax shelter project of Krause . . . and accordingly that the limited partners of the Denver-based partnerships who had not settled their cases with respondent were to be bound by the opinion in Krause. The settlements that most of the movants herein entered into, during 1994 and later years, are consistent with our decisions in Krause and the above-cited related cases (namely, no deductions are to be allowed to the taxpayers relating to their investments in the Elektra Hemisphere tax shelters, and the taxpayers are not to be held liable for additions to tax or penalties other than increased interest under section 6621(c) or its predecessor section 6621(d)).

Vulcan Oil, 110 T.C. at 154-55

After this ruling, the TMPs in the Vulcan Oil case took no further action, and on November 28, 2001, and December 20, 2001, the IRS filed Motions to Dismiss for Lack

---

TMT grounds. Id. Here, they assert, the Krause court determined that some of the disallowances were made on non-TMT grounds and thus TMT penalty interest under 6621(c) is not allowed. Id. As discussed below, because the court finds it lacks jurisdiction the court does not address these arguments.

of Prosecution the <u>Vulcan Oil</u> Tax Court cases.  Each motion requested specified adjustments to partnership items of each partnership on the basis that:

> the Petitioners' [TMP] has failed to perform the duties and responsibilities required of a [TMP] under the Tax Court's Rules . . . and such failure has precluded the further prosecution and ultimate resolution of this case, whether by trial or settlement.
> . . .
> Due to concessions by Respondent, which are based on applying I.R.C. § 183 in accordance with this Court's opinion in <u>Krause v. Commissioner</u>, 99 T.C. 132 (1992), <u>aff'd sub nom.</u>, <u>Hildebrand v. Commissioner</u>, 28 F.3d 1024 (10th Cir. 1994), <u>cert denied</u>, 513 U.S. 1078 and 1079 (1995), and <u>aff'd sub nom.</u>, <u>Hill v. Commissioner</u>, 204 F.3d 1214 (9th Cir. 2000), certain of the adjustments set forth in the schedules above are less than those determined in the [FPAAs] upon which this case is based.

Pls.' Exs. J, K.  Thereafter, on December 21, 2001, and March 22, 2002, the Tax Court issued Orders to Show Cause in the <u>Vulcan Oil</u> cases, requiring that the partners show cause, on or before May 24, 2002, as to why the cases should not be dismissed for failure to prosecute.  Pls.' Exs. L, M.  The show cause orders also noted that there were adjustments to the FPAA partnership items "as stated in [the IRS's] motion[s]" based on the decision in <u>Krause</u>.  <u>Id.</u>  The Tax Court directed the Clerk to serve the show cause orders on the partners at the addresses given, including Mr. and Mrs. Cooke, and to attach the exhibits attached to the IRS's motions that detailed the adjustments.  <u>Id.</u>  On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in each <u>Vulcan Oil</u> case stating:  "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed [November 28, 2001 and December 20, 2001, as applicable], is granted."  Pls.' Exs. N, O.  The dismissal orders included partnership-level adjustments based on § 183 in accordance with the opinion in <u>Krause</u>, as referenced in the

government's motion to dismiss. Id. The dismissal orders also "made absolute" the court's show cause order. Id.

On or about February 22, 2003, and February 26, 2003, the IRS sent to the Cookes a Letter 2083 with attached Form CG-4549A for each of the tax years 1983 and 1984, respectively, each of which stated, inter alia, as follows:

> ALL OR PART OF THE UNDERPAYMENT OF TAX YOU WERE REQUIRED TO SHOW ON YOUR RETURN IS A SUBSTANTIAL UNDERSTATEMENT ATTRIBUTABLE TO A TAX MOTIVATED TRANSACTION, AS DEFINED BY SECTION 6621(C)(3) OF THE INTERNAL REVENUE CODE.

Pls.' Exs. P, Q. Thereafter, on March 24, 2003 the IRS assessed tax ($19,746.00) and interest ($130,641.26) against the Cookes for tax year 1983, and on May 12, 2003, June 16, 2003, and August 16, 2004, made additional interest assessments of $723.04, $872.22, and $8,246.42, respectively. A portion of the subject interest was assessed at the enhanced § 6621 rate.

On March 24, 2003 the IRS assessed tax ($15,368.00) and interest ($88,689.25) against the Cookes for tax year 1984, and on May 12, 2003, June 16, 2003, and August 23, 2004, made additional interest assessments of $607.37, $603.83, and $5,599.03, respectively. Again, a portion of the interest was assessed at the § 6621 enhanced rate.

On April 12, 2006, the plaintiffs filed claims for a refund of $45,798.41 and $31,132.45, for tax years 1983 and 1984, respectively. In their refund claims they asserted they were due a refund for the "portion[s] of interest assessed due to the penalty rate under § 6621(c)."

The Cookes filed the present action on October 1, 2010, more than six months after they filed their original claims for refund. In their complaint they assert that they are not liable for § 6621(c) penalty interest. The government filed its motion to dismiss the plaintiffs' § 6621(c) claims for lack of jurisdiction on June 17, 2011. The plaintiffs filed their motion for summary judgment on those same claims on June 18, 2011. Briefing is complete and argument was heard on October 28, 2011.

## II. Standard of Review

Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Because jurisdiction is a threshold matter, a case can proceed no further if a court lacks jurisdiction to hear it. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)). The plaintiff bears the burden of establishing subject matter jurisdiction and must do so by a preponderance of the evidence. M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

When a party has moved to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the alleged facts in the complaint are viewed as true. Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Additionally, in considering a motion to dismiss for lack of subject

matter jurisdiction, a court may look beyond the pleadings and "inquire into jurisdictional facts" to determine whether jurisdiction exists. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

### III.  Section 7422(h) Bars Jurisdiction

It is well-settled that § 7422(h) deprives this court of jurisdiction to hear individual partner refund claims where the refund is "attributable to partnership items." Keener v. United States, 76 Fed. Cl. 455, 462 (2007), aff'd, 551 F.3d 1358 (Fed. Cir. 2009), cert. denied 130 S. Ct. 153 (2009) (internal quotations omitted); Schell v. United States, 84 Fed. Cl. 159, 167 (2008), aff'd, 589 F.3d 1378 (Fed. Cir. 2009), cert. denied, 131 S. Ct. 346 (2010); Prati v. United States, 81 Fed. Cl. 422 (2008), aff'd, 603 F.3d 1301, 1308 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 940 (2010); LeBlanc v. United States, 410 F. App'x 323, 325 (Fed. Cir. 2011), cert. denied, 131 S. Ct. 3003 (2011). In addition, the Federal Circuit has expressly held that a challenge to a tax motivated penalty assessment is "inherently a dispute over the proper characterization of the partnerships' transactions" and therefore must be challenged at the partnership level. Prati, 603 F.3d at 1308; Keener, 551 F.3d at 1365 (a dispute over the "characterization of a partnership's transaction is a partnership item."). Specifically, the Keener court stated:

> [B]ecause Taxpayers are requesting a refund based on the nature of the partnerships' transactions and because the nature of a partnership's transactions is a partnership item, Taxpayers' claims are "attributable to" partnership items. Accordingly, the Court of Federal Claims correctly determined that it lacks jurisdiction over Taxpayers' claim "for a refund attributable to partnership items." I.R.C. § 7422(h).

Keener, 551 F.3d at 1366 (citation omitted).[7]

The plaintiffs attempt to distinguish the jurisdictional status of this case from Keener and Prati on the grounds that no court has ever held that any of the Dillon Oil partnership transactions are tax motivated, and therefore that no court has determined that the IRS properly imposed a tax motivated penalty on the plaintiffs. They argue that Keener and Prati, in contrast, rely on tax court decisions which had affirmed the IRS's TMT determinations in those cases. According to the plaintiffs, the partners in Keener and Prati were actually barred from litigating their individual tax refund claims based on principles of "res judicata." More specifically, although res judicata is not mentioned by the Federal Circuit as the basis for its decisions in those cases, the plaintiffs argue that "res judicata is TEFRA's lynchpin between partnership-level and partner-level cases." Pls.' Resp. at 14, ECF No. 37. Thus, they argue that § 7422(h) bars actions only when a partner seeks a "new" partnership item determination where one was previously made in the partnership-level case. Otherwise, they contend, "if res judicata does not bind a partner to a TMT determination in the partnership-level decision, then § 7422(h) cannot bar refund jurisdiction for that partner to assert that no TMT determination was ever made." Id. at 15. Plaintiffs therefore argue that in Vulcan Oil, the Tax Court never made

---

[7] The plaintiffs rely on language in Keener which leaves open the question whether all individual refund actions involving a partnership item are barred by § 7422(h). Specifically, the Federal Circuit declined to reach the question whether § 7422(h) would bar actions involving partner-only issues arising from the partnership. Keener, 551 F.3d at 1366, 1366 n.7 ("Taxpayers only challenge a partnership-level component of this affected item (namely, the nature of the partnerships' transactions), without advancing any argument regarding partner-level components (e.g., a partner's underpayment must exceed $1,000 in order to be 'substantial'). We, therefore, do not decide whether § 7422(h) precludes jurisdiction over every claim for a refund of penalty interest imposed pursuant to § 6621(c)."). However, this case does not involve a partner-only claim.

a TMT determination. Rather, the plaintiffs argue, the cases were dismissed for lack of prosecution and have no res judicata effect. In such circumstances, plaintiffs argue, TMT penalty interest was imposed without any legal justification. In other words, the Vulcan Oil court, by adopting the adjustments proposed by the government in its motion to dismiss, did not make the requisite TMT finding necessary to support the TMT penalty interest at issue in this case. The plaintiffs therefore conclude that without the res judicata effect of such a finding, § 7422(h) presents no jurisdictional bar.

The government argues that plaintiffs' effort to distinguish this case from Keener and Prati on the above-cited grounds must be rejected. The government contends that nothing in Keener or Prati suggests that principles of res judicata were dispositive in those cases. Rather, the government argues, those cases stand for the proposition that § 7422(h) bars the court's review because the plaintiffs are asking this court to examine the propriety of imposing TMT interest on partnership-level items. The government argues that the IRS imposed TMT penalty interest under § 6621(c) after the decision in Krause was extended to the Dillon Oil partnership through the dismissal orders in Vulcan Oil. In order to set aside that TMT penalty interest, the government argues, this court would have to examine the partnership-level items identified in the Vulcan Oil dismissal orders. The government asserts that in Prati, the Federal Circuit expressly held that this court does not have jurisdiction to make that examination. See Prati, 603 F.3d at 1308 ("Because the . . . challenge to the penalty interest assessments is inherently a dispute over the proper characterization of the partnerships' transactions, that issue is barred by § 7422(h) from being litigated in the refund action before the Court of Federal Claims.").

The government concludes by arguing that the § 7422(h) bar is not based on principles of res judicata and cases seeking to "re-litigate" a previously-litigated TMT determination. Rather, the government argues § 7422(h) bars this court from examining partnership-level items in the first instance.

The court agrees with the government. There is no doubt that certain of the procedural facts of this case are different from the facts in Prati and Keener. For instance, the IRS's TMT determination at issue in Keener was affirmed after partnership-level Tax Court review.[8] In Prati, the tax partners chose to settle their partnership items with the IRS prior to a final Tax Court decision. Prati, 603 F.3d at 1303. In contrast, the Vulcan Oil court, relying upon Krause, adopted the re-calculations presented by the government in its dismissal orders, but did not specifically state that it was making a TMT decision regarding the transactions in the Dillon Oil partnership.[9] Thus, the present

---

[8] In Keener, the Tax Court ultimately issued stipulated decisions in the partnership-level proceedings finding that the adjustments to partnership income and expense "were attributable to transactions 'which lacked economic substance,' as described in former I.R.C. § 6621(c)(3)(A)(v), 'so as to result in a substantial distortion of [partnership income and/or expense],' as described in I.R.C. § 6621(c)(3)(A)(iv)." Keener, 551 F.3d at 1360 n.2.

[9] In this connection, the court finds the plaintiffs' reliance on McGann v. United States, 81 Fed. Cl. 642 (2008) misplaced. McGann was decided prior to and without the guidance of the Federal Circuit's decisions in Keener, Schell, Prati, and LeBlanc, and the court apparently was not presented with the same question and arguments on whether the plaintiffs' claims were barred by § 7422(h). The court recognizes that in McGann, the court held that the Vulcan Oil court did not make a specific TMT penalty determination when it issued its dismissal order and went on to consider the plaintiffs' objections to the imposition of the penalty. McGann, 81 Fed. Cl. at 654-55. In light of this, the court disagrees with the McGann court's reading of the Vulcan Oil record. Instead, this court finds based on the 1998 Vulcan Oil decision regarding settlements, see Vulcan Oil, 110 T.C. at 154-55 (stating that non-settling partnerships would be bound by Krause), the subsequent motions to dismiss in Vulcan Oil that referenced Krause and included a detailed re-calculation of each partnership's FPAAs based on Krause, the Vulcan Oil show cause orders that referenced the IRS's motion to dismiss and attached copies of the proposed

case involves a partnership-level determination one step removed from the determinations made in Prati and Keener. However, this difference does not alter the outcome. Prati and Keener were not based on principles of res judicata. Rather, those cases turned on the Federal Circuit's reading of § 7422(h) and its conclusion that this court cannot, in an individual refund action, examine "partnership-level items." In this case, it is also the examination of the partnership-level items in an individual refund action that is barred by § 7422(h) and outside of the CFC's jurisdiction.

It is clear that the plaintiffs in this case are asking the court to examine partnership-level items. The plaintiffs are asking this court to rule that the Vulcan Oil court's dismissal order was not sufficient to impose TMT penalties. The plaintiffs argue that there was never a finding supporting TMT penalty interest. In addition, the plaintiffs argue that none of the partnership transactions undertaken by the Dillon Oil partnership support imposition of TMT penalty interest under § 183. The court finds that to make either ruling the court would have to examine the Dillon Oil partnership-level transactions.

First, to determine whether the Vulcan Oil court erred by failing to make a TMT penalty interest determination and find that its decision cannot serve as the basis for imposing a TMT penalty would require the court to examine the modified partnership calculations the Vulcan Oil court sent to the plaintiffs in the show cause order and later

---

modifications to the FPAAs, and the final dismissal orders issued in Vulcan Oil that modified the FPAAs based on Krause, it is clear that the Vulcan Oil court understood that the Dillon Oil partnership would be bound by the Krause decision, including the imposition of TMT penalties under § 183.

adopted in its final dismissal order. The Vulcan Oil court had previously held that Krause would apply to non-settling partners like the plaintiffs. The Dillon Oil partnership TMP had an opportunity to challenge those calculations at the partnership level by objecting to the show cause order, but elected not to object. At its core, the plaintiffs' objection is to the IRS's and Vulcan Oil court's application of Krause to the Dillon Oil partnership, a partnership-level issue.

Second, the court would need to review partnership-level items to determine whether § 183 may serve as a valid basis for the imposition of TMT penalty interest in this case. The plaintiffs' arguments regarding the Krause decision and the Krause court's misapplication of § 183 plainly would require this court to examine the Dillon Oil partnership transactions to determine if the transactions identified in the modified calculations are not covered by § 183. As discussed above, Federal Circuit precedent precludes this court from examining both of these issues in an individual refund case. See Keener, 551 F.3d at 1367; Prati 603 F.3d at 1308; Schell, 589 F.3d at 1384; LeBlanc, 410 F. App'x at 325. Therefore, the plaintiffs' claims for the refund of § 6621(c) tax motivated interest must be dismissed for lack of jurisdiction.

**IV. Conclusion**

For all of the reasons discussed above, the government's motion to dismiss based on the application of § 7422(h) is **GRANTED**. The plaintiffs' motion for summary judgment is **DENIED** as moot. See 10 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, Civil § 2713 (3d ed. 2010). The plaintiffs' § 6221(c) tax motivated interest refund claims are hereby dismissed for lack of jurisdiction. There

being no just reason for delay, the clerk is directed to enter final judgment dismissing these claims under RCFC 54(b).

**IT IS SO ORDERED.**

                                                    s/Nancy B. Firestone
                                                    NANCY B. FIRESTONE
                                                    Judge