# In the United States Court of Federal Claims

No. 10-661T
(Filed: September 10, 2012)

| | | |
|---|---|---|
| GORDON BUSH, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Scar v. Comm'r, 814 F.2d 1363 (9th Cir. 1987); RCFC 12(b)(6); failure to state a claim upon which relief can be granted; notice of computational adjustment; claim that IRS was required to follow deficiency procedures substantially varied from Scar-based claim argued before IRS that notice of computational adjustment was invalid for failure to review physical copy of taxpayers' return. |

*Thomas E. Redding*, Houston, TX, for plaintiffs.  *Sallie W. Gladney*, Houston, TX, of counsel.

*Jennifer Dover Spriggs*, U.S. Department of Justice, Washington, D.C., with whom were *Kathryn Keneally*, Assistant Attorney General, and *David I. Pincus*, Chief, for defendant.

**O P I N I O N**

**FIRESTONE**, *Judge*.

Pending before the court is the United States' motion to dismiss plaintiffs' remaining tax refund claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Also pending is plaintiffs' motion for summary judgment on that same claim.

This is the second opinion issued in this matter arising out of plaintiffs' involvement in a tax shelter known as Dillon Oil Technology Partners-1982 ("Dillon

Oil"). The court's first opinion in this case dismissed, for lack of jurisdiction, the tax refund claims common to all plaintiffs in this matter regarding their involvement in the Dillon Oil partnership for tax years 1983 and 1984. See Bush v. United States, 101 Fed. Cl. 791 (2011) ("Bush I") (holding that the court lacked jurisdiction over plaintiffs' tax refund claims challenging the assessment of tax motivated interest under former section 6621(c) of the Internal Revenue Code ("I.R.C." or "Code")[1] because plaintiffs' claims would have required the court to examine partnership-level items[2]). The only remaining claim belongs to plaintiffs Barry S. and Evelyn M. Strauch.

---

[1] All references to the I.R.C. are in Title 26. Former section 6621(c) was added to the I.R.C. in 1984 to discourage the growth of abusive tax shelters. See Deficit Reduction Act of 1984, Pub. L. No. 98-369, § 144(a), 98 Stat. 682; Staff of the Joint Committee on Taxation, 98th Cong., General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, 485-86 (Joint Comm. Print 1984). This provision was repealed by the Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, § 7721(b), 103 Stat. 2399. The repeal was effective for tax returns due after December 31, 1989.

[2] The Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-71 (codified in scattered sections of the I.R.C.), was enacted to achieve consistent tax treatment for all partners in the same partnership and to remove the administrative burden of handling partnership matters on the IRS. See H.R. Rep. No. 97-760 at 599-600 (1982) (Conf. Rep.), reprinted in 1982 U.S.C.C.A.N. 1190. Under TEFRA, the tax treatment of all "partnership items" is determined at the partnership, rather than the individual partner, level. Bush v. United States, 655 F.3d 1323, 1325 (Fed. Cir. 2011) (citations omitted). TEFRA defines the term "partnership item" to mean "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." I.R.C. § 6231(a)(3). Regulations promulgated under section 6231 provide that the term "partnership item" includes "legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." 26 C.F.R. § 301.6231(a)(3)-1(b).
　　　When the IRS disagrees with a partnership's reporting of a partnership item, it issues a Notice of Final Partnership Administrative Adjustment ("FPAA") in advance of making an assessment against the partners with regard to that partnership item. Under TEFRA, the Tax Management Partner ("TMP")–the partner designated to act as liaison with the IRS and as the representative of the partnership in judicial proceedings–has the exclusive right to challenge the proposed adjustments in the Tax Court, United States District Court, or the Court of Federal

The Strauch plaintiffs allege, with respect to their involvement in the Dillon Oil partnership for the 1983 tax year, that the amounts of tax ($21,788.00) and interest ($147,696.04) set forth in the computational adjustment[3]—Form CG-4549A—noticed to them by the IRS on June 6, 2003 was improper because it was calculated "without the

---

Claims. I.R.C. § 6226(a). If a petition challenging the adjustments in the FPAA is filed, each partner with an interest in the outcome of the petition is treated as a party. I.R.C. § 6226(c)-(d). If the TMP does not file suit within the time provided, other partners may file suit within a prescribed time period to challenge the IRS's FPAA. I.R.C. § 6226(b)(1). In addition, the court reviewing the petition has jurisdiction to determine all partnership items to which the FPAA relates, the proper allocation of such items among partners, and the applicability of any penalty that relates to an adjustment to a partnership item. I.R.C. § 6226(f).

[3] Section 6231(a)(6) defines a "computational adjustment" as "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." I.R.C. § 6231(a)(6). Under section 6230(a)(1), the general rule pertaining to computational adjustments provides that Subchapter B (I.R.C. §§ 6211-6216) relating to deficiency procedures "shall not apply to the assessment or collection of any computational adjustment." I.R.C. § 6230(a)(1). An exception is provided in section 6230(a)(2), which provides in part for the procedural protections of deficiency proceedings where a deficiency is attributable to affected items that require partner level determinations. I.R.C. § 6230(a)(2)(A)(i). Section 6231(a)(5) defines "affected items" as "any item to the extent such item is affected by a partnership item." I.R.C. § 6231(a)(5). The IRS's regulation on the interaction between computational adjustments and affected items was first introduced in 1987 and read as follows:

> A change in the tax liability to properly reflect the treatment of a partnership item under subchapter C of chapter 63 of the Code is made through a computational adjustment. A computational adjustment may include a change in tax liability that reflects a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item. . . . [C]hanges in a partner's tax liability with respect to affected items that do not require partner-level determinations (such as the threshold amount of medical deductions under section 213 that changes as the result of determinations made at the partnership level) are included in a computational adjustment. However, changes in a partner's tax liability with respect to affected items that require partner-level determinations (such as a partner's at-risk amount that depends upon the source from which the partner obtained the funds that the partner contributed to the partnership) are not included in a computational adjustment.

Temp. Treas. Reg. § 301.6231(a)(6)-1T, 52 Fed. Reg. 6,779, 6,790-91 (Mar. 5, 1987). This regulation has since been modified. See 26 C.F.R. § 301.6231(A)(6)-1.

- 3 -

benefit of [plaintiffs' tax return]," and was thus invalid as a "naked assessment" under Scar v. Comm'r, 814 F.2d 1363 (9th Cir. 1987). Specifically, plaintiffs contend that the "IRS cannot impose a deficiency on a taxpayer without a substantive determination based on a review of the taxpayer's individual return." Compl. ¶¶ 186.f-h; Compl. App. at 332-33 ¶¶ 9, 11, 12 (plaintiffs' tax refund claim before the IRS).

In its motion to dismiss, the government argues that plaintiffs' challenge to the notice of computational adjustment must be dismissed for failure to state a claim because the "naked assessment" objection established in Scar applies only to "notices of deficiency," and plaintiffs in this case did not receive and were not entitled to a notice of deficiency prior to the IRS assessing tax and tax motivated penalty interest against them. The government argues that in a tax partnership case, like this one, a notice of deficiency was not required under the exemption provided in section 6230(a)(1). The government further argues that to the extent plaintiffs now claim they should have received a notice of deficiency, their claim is barred by the doctrine of "substantial variance," which precludes a taxpayer from asserting a claim in court that they failed to assert in their tax refund claim before the IRS.

For the reasons that follow, the court **GRANTS** the government's motion to dismiss the plaintiffs' claim for failure to state a claim upon which relief can be granted and **DENIES** plaintiffs' motion for summary judgment as moot.[4]

---

[4] Having elected to first consider the government's motion to dismiss, the court has not examined the plaintiffs' motion for summary judgment or considered any of the attachments to that motion in issuing this decision. See Am. Contractors Indem. Co. v. United States, 570 F.3d 1373, 1376 (Fed. Cir. 2009) ("On a motion to dismiss, the court generally may not consider materials outside the pleadings.") (citing RCFC 12(d) ("If, on a motion under RCFC 12(b)(6) or 12(c), matters

**I.     BACKGROUND**

In 1983, Barry Strauch invested as a limited partner in Dillon Oil, one of a group of partnerships that are generally referred to as the Elektra partnerships. Plaintiffs allege they filed a timely federal income tax return for the 1983 tax year and paid the taxes reported due on that return. Plaintiffs' filing status was married filing jointly. On April 15, 1987, the IRS issued a Notice of Final Partnership Administrative Adjustment ("FPAA") for Dillon Oil's 1983 tax year. Between March 30, 1987 and April 15, 1987, the IRS also issued FPAAs for each of six other Elektra partnerships for tax year 1983. In response, the Tax Management Partner for these seven Elektra partnerships, including Dillon Oil, challenged the adjustments proposed by the IRS in the 1983 FPAAs by filing a single section 6226(a) TEFRA partnership-level case in the Tax Court at <u>Vulcan Oil Tech. Partners v. Commissioner</u>, No. 21530–87.

As discussed in <u>Bush I</u>, following lengthy combined proceedings in the Tax Court and unfavorable rulings for the partnerships, on June 13, 2002 the Tax Court disallowed plaintiffs' partnership-related deductions and imposed section 6221(c) penalty interest for engaging in tax motivated transactions. 101 Fed. Cl. at 795. On June 6, 2003, the IRS issued to plaintiffs a computational adjustment using Form CG-4549A (the relevant IRS document for that purpose) showing how the IRS computed the plaintiffs' increased

---

outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed. 2004)); <u>Int'l Indus. Park, Inc. v. United States</u>, 80 Fed. Cl. 522, 526 (2008) ("Courts have complete discretion in determining whether or not to accept evidence outside the pleadings."); <u>Am. Heritage Bancorp v. United States</u>, 56 Fed. Cl. 596, 604 (2003) (The decision whether to convert a motion to dismiss into a motion for summary judgment "is a matter left entirely to the court's discretion.").

liability resulting from the Tax Court's decision. Compl. App. at 337-38. The IRS listed an adjustment to plaintiffs' income of $43,577 and a deficiency-increase in tax due of $21,788. Id. at 337. The entire amount of $21,788 was also listed as an underpayment attributable to a tax motivated transaction for which tax motivated transaction interest of 120% would be assessed in accordance with section 6621(c). Id. at 338. The Form CG-4549A explained the rationale and methodology behind the IRS's computational adjustment as follows:

> The Tax Court decision on the partnership of Dillon Oil Technology . . . nullified the loss on the account. We are making this adjustment without the benefit of your return. Our report was based on information used for a prior assessment. As a result, you have a balance due.
>
> All or part of the underpayment of tax you were required to shot [sic] on your return is a substantial understatement attributable to tax motivated transactions, as defined by section 6621(c)(3) of the Internal Revenue Code. Accordingly, the annual interest rate payable on your income taxes on this understatement is 120 percent of the adjusted rate established under code section 6621(b).

Id. On July 7, 2003, the IRS assessed tax of $21,788 and interest of $147,696.04 against plaintiffs. Id. at 336. The IRS applied a credit from plaintiffs' 2002 tax year to pay the liability. Id.

Nearly two years later, on April 8, 2005, plaintiffs filed their administrative claim with the IRS for a full refund of the tax and interest paid for the plaintiffs' involvement in the Dillon Oil partnership in the 1983 tax year. Plaintiffs explained the basis of their claim, in relevant part, as follows:

> The IRS issued to the taxpayer(s) a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 stated that the IRS is "making this adjustment without the benefit of your return" and does not

- 6 -

> state the basis for imposing §6621(c) interest except that "the Tax Court decision on the Partnership . . . nullified the loss on the account." . . . Under Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987) it is well settled that the IRS cannot impose a deficiency on a taxpayer without a substantive determination based on a review of the taxpayer's individual tax return. . . . Here the form 4549 states on its face that the IRS did not review the taxpayers' return before asserting a deficiency. . . . The taxpayers are entitled to a refund of the entire amount of tax and interest paid because the IRS failed to review their personal tax return before making a naked – and, therefore, invalid – determination of the amount purportedly owed, including a determination of the amount of the initial deduction actually taken related to the Partnership.

Id. at 332-33 ¶¶ 9, 11, 12.  The IRS did not act upon plaintiffs' claim, and on October 1, 2010, plaintiffs filed this action in the Court of Federal Claims for refund of the tax and interest assessed and paid following issuance of the computational adjustment.  Plaintiffs again allege that the IRS failed to review their personal tax return before making a determination and asserting a deficiency against them.  Compl. ¶¶ 186.f-h.[5]

---

[5] Plaintiffs use virtually identical language in their administrative claim and their complaint, as follows:

> f.  The IRS issued to the taxpayer(s) a Form 4549A-CG showing how the IRS computed the purported liability.  The Form 4549 state[d] that the IRS is "making this adjustment without the benefit of your return" and does not state the basis for imposing §6621(c) interest except that "the Tax Court decision on the Partnership . . . nullified the loss on the account."
> g.  Under Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987) it is well settled that the IRS cannot impose a deficiency on a taxpayer without a substantive determination based on a review of the taxpayer's individual tax return. . . . Here the form 4549 states on its face that the IRS did not review the taxpayers' return before asserting a deficiency.
> h.  The taxpayers are entitled to a refund of the entire amount of tax and interest paid because the IRS failed to review their personal tax return before making a naked – and, therefore, invalid – determination of the amount purportedly owed, including a determination of the amount of the initial deduction actually taken related to the Partnership.

Compl. ¶¶ 186.f-h.

**II.   STANDARD OF REVIEW**

To avoid dismissal for failure to state a claim upon which relief can be granted under RCFC 12(b)(6), the complaint must contain facts sufficient to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plaintiffs' factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." Bell Atl. Corp., 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp., 550 U.S. at 555, 557).  In considering a motion under RCFC 12(b)(6), "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing Papasan v. Allain, 478 U.S. 265, 283 (1986); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).  "[T]he Court of Federal Claims has both the power and the obligation to dismiss cases in which no claim has been properly stated." Brach v. United States, 443 F. App'x 543, 547 (Fed. Cir. 2011).

**III.   DISCUSSION**

As mentioned above, the plaintiffs allege, with respect to their involvement in the Dillon Oil partnership for the 1983 tax year that the amounts of tax ($21,788.00) and interest ($147,696.04) collected by the IRS were determined based on an improper "naked assessment."  Specifically, plaintiffs contend that the IRS failed to follow the

deficiency procedures required by section 6212(a), because the IRS admits that it did not have before it plaintiffs' tax return for 1983 when it issued the computational adjustment. Plaintiffs contend that under the Ninth Circuit's decision in Scar v. Comm'r, 814 F.2d 1363 (9th Cir. 1987), the subject computational adjustment is invalid as a matter of law and plaintiffs are entitled to a complete refund.

The government has moved to dismiss plaintiffs' claim for failure to state a claim upon which relief can be granted under RCFC 12(b)(6). The government argues that the precedent established in Scar applies only to a notice of deficiency and not to a computational adjustment, which is at issue here. The government argues that Scar has no bearing on this case, because computational adjustments are exempt from the notice of deficiency requirements of section 6212(a) under section 6230(a). The government further argues that to the extent plaintiffs' claims can be construed to challenge the IRS's failure to issue a notice of deficiency, the claim is barred by the substantial variance doctrine which precludes a refund suit that "substantially varies" from the legal theories and factual bases set forth in the claim to the IRS. See Lockheed Martin Corp. v. United States, 210 F.3d 1366, 1371 (Fed. Cir. 2000).

As discussed below, the court agrees with the government that plaintiffs have not stated a claim for relief with regard to the validity of the computational adjustment. The court also agrees with the government that to the extent the plaintiffs claim they are entitled to a refund on the grounds that the IRS erred in failing to issue a notice of deficiency, the substantial variance doctrine bars their claim.

### A.   The Plaintiffs have Failed to State a Claim Regarding the Validity of the Computational Adjustment Based on <u>Scar</u>.

At the core of plaintiffs' complaint is their contention that they cannot be required to pay a tax deficiency that has been imposed without due regard of plaintiffs' individual tax return. The claim is based on a single Ninth Circuit decision in <u>Scar</u>. In <u>Scar</u>, the IRS issued a notice of deficiency, not a computational adjustment, to certain taxpayers to pay a deficiency with regard to a tax shelter. 814 F.2d at 1364-65. The IRS conceded that it made a mistake in issuing the notice of deficiency based upon a tax shelter with which the taxpayers had never been involved. <u>Id.</u> The Ninth Circuit invalidated the notice of deficiency for failure to meet the requirements of section 6212(a) to make a determination with respect to the taxpayers. <u>Id.</u> at 1370. Though the IRS attempted to correct its error by substituting a tax shelter that did have a connection to the taxpayers, the Ninth Circuit found that because the notice of deficiency referred to a tax shelter with no connection to the taxpayers, the Commissioner had failed to make a "determination of a tax deficiency" as required by section 6212(a). <u>Id.</u> at 1365, 1368.[6]

---

[6] Plaintiffs also rely on <u>Estate of Weller v. United States</u>, 58 F.Supp.2d 734 (S. D. Tex. 1998), in which the IRS had the tax returns of the taxpayer and failed to look at them, or any information related to the taxpayer, sending a "Protective Manual Assessment" instead. <u>Weller</u>, 58 F.Supp.2d at 737. Because the IRS "had in its possession all the information it needed to make a determination of a tax deficiency as required by the Code, yet failed to do so" the court held that the taxpayer had "rebutted the presumption of correctness based on the notices' express language that they were based on an 'estimate.'" <u>Id.</u> at 741-42 ("[T]he present facts can be distinguished from cases in which the . . . lack of taxpayer records, prevented the Commissioner from making an assessment with mathematical precision."). <u>Compare</u> <u>Natalie Holdings, Ltd. v. United States</u>, 91 A.F.T.R.2d 2003-616 (W. D. Tex. 2003) (distinguishing <u>Weller</u> under circumstances where "the IRS did not have the returns which would have allowed it to make a determination with mathematical precision. [The IRS] did, however, act in good faith by analyzing all of the available information that related to the taxpayers in order to make a substantive determination."). The court then found that the assessments in question "were made without any

This case, in contrast to Scar, does not involve a notice of deficiency, and the court declines the plaintiffs' invitation to extend the Scar holding to computational adjustments.[7] To begin, it is important to note that notices of deficiency and computational adjustments are treated differently under the Code. Under section 6230(a)(1), notices of deficiency are not required in cases where a computational adjustment is issued unless certain individualized tax matters are implicated. I.R.C. § 6230(a)(1) (Subchapter B, I.R.C. §§ 6211-6216, relating to deficiency procedures "shall not apply to the assessment or collection of any computational adjustment."). An exception is provided in section 6230(a)(2), which provides in part for deficiency proceedings where a deficiency is "attributable to affected items which require partner level determinations." I.R.C. § 6230(a)(2)(A)(i).[8]

In this case, it is not disputed that the IRS issued a computational adjustment based on the findings of the Tax Court relating to the Dillon Oil partnership and the

---

substantive basis, are arbitrary and erroneous, and are void." Weller, 58 F.Supp.2d at 742. The court further found that because the limitations period for the assessments had run, the taxpayer's payments were "'overpayments' and must be refunded." Id. Because this case does not involve a protective manual assessment, and the IRS, in fact, relied on available information in its adjustment, Weller is inapposite and does not support plaintiffs' claim in this case.

[7] The court is not aware of any case in which the Federal Circuit has indicated its agreement with the reasoning in Scar or applied the reasoning in Scar to any tax refund matter, including one arising out of a computational adjustment applying a section 6226(a) decision of the Tax Court imposing section 6221(c) penalty interest for engaging in tax motivated transactions.

[8] Effective for partnership tax years ending after August 5, 1997, clause (i) of section 6230(a)(2)(A) was amended to include the following paranthetical: "(other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items)." Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1238(b)(2). This amendment does not apply to any issue in this case.

"information used [by the IRS] for a prior assessment." Compl. App. at 338 (Form CG-4549A). While the computational adjustment stated, "we are making the adjustment without the benefit of your return," the computational adjustment also stated that the amount was calculated based on other information concerning these taxpayers before the IRS. The computational adjustment therefore provided plaintiffs with notice of the basis for the IRS tax assessment and the focus of this case must be on the Form CG-4549A issued to plaintiffs.

This case is therefore wholly distinguishable from Scar. In Scar, the IRS made a tax decision based on a mistake that invalidated the individual notice of deficiency. In this case, the plaintiffs have not identified any mistake in the computational adjustment. The plaintiffs do not dispute that Mr. Strauch participated in the subject tax shelter and that the IRS made its calculation of taxes based on information available to the IRS, which plaintiffs did not question in their complaint or before the IRS in their refund claim. In such circumstances, the IRS met its obligation for issuing a computational adjustment. Nothing in the statute or regulations requires the IRS to base its computational adjustment on the taxpayers' specific returns as opposed to "information [before the IRS and] used for prior assessments." Given the trigger for a notice of deficiency in the tax shelter context, the IRS may well need more individualized information for the notice of deficiency than for a computational adjustment. In those cases, the need for the IRS to examine individual returns before issuing a notice of deficiency may well be appropriate. Here, where plaintiffs have not identified in their complaint any specific errors in the computational adjustment and have challenged only

the government's failure to reference their tax return, extending Scar to invalidate the adjustment in this case would not be appropriate. In sum, because this case does not involve a notice of deficiency and because plaintiffs have failed to identify any mistake in the content of the computational adjustment, plaintiffs have failed to state a claim for invalidating the computational adjustment based upon the holding in Scar.

### B. "Variance" Bars Plaintiffs from Arguing that the IRS should have Issued a Notice of Deficiency to Plaintiffs.

Having failed to state a claim under Scar, plaintiffs' now contend that the court should allow their case to proceed on the ground that they should have received a notice of deficiency from the IRS. Plaintiffs' contention is without support. The Federal Circuit has made clear that a taxpayer is barred from "presenting claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the IRS." Lockheed, 210 F.3d at 1371. The substantial variance rule "(1) gives the IRS notice as to the nature of the claim and the specific facts upon which it is predicated; (2) gives the IRS an opportunity to correct errors; and (3) limits any subsequent litigation to those grounds that the IRS had an opportunity to consider and is willing to defend." Id. The court agrees with the government that plaintiffs' claim, at both the agency level and before the court, was drafted narrowly to assert that the Form CG-4549A (computational adjustment) was defective for failure to make a determination based on the reasoning in Scar.

Here, a review of the plaintiffs' refund claim and complaint demonstrate that the plaintiffs never, before briefing in this case, asserted that they should have been issued a

notice of deficiency. As previously stated, plaintiffs explained the basis of their administrative claim for refund as follows:

> The IRS issued to the taxpayer(s) a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 stated that the IRS is "making this adjustment without the benefit of your return" and does not state the basis for imposing §6621(c) interest except that "the Tax Court decision on the Partnership . . . nullified the loss on the account." . . . Under Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987) it is well settled that the IRS cannot impose a deficiency on a taxpayer without a substantive determination based on a review of the taxpayer's individual tax return. . . . Here the form 4549 states on its face that the IRS did not review the taxpayers' return before asserting a deficiency. . . . The taxpayers are entitled to a refund of the entire amount of tax and interest paid because the IRS failed to review their personal tax return before making a naked – and, therefore, invalid – determination of the amount purportedly owed, including a determination of the amount of the initial deduction actually taken related to the Partnership.

Id. at 332-33 ¶¶ 9, 11, 12. In their complaint in this action, plaintiffs use virtually identical language to assert their claim for a refund under Scar "because the IRS failed to review their personal tax return before making a naked – and, therefore, invalid – determination of the amount purportedly owed, including a determination of the amount of the initial deduction actually taken related to the Partnership." Compl. ¶¶ 186.f-h. Plaintiffs plainly were aware that they had been issued a computational adjustment, having received a Form CG-4549A. However, at no time prior to briefing in this case did plaintiffs' state they sought a refund because the IRS failed to issue a notice of deficiency. In view of the foregoing, plaintiffs have waived that claim and are foreclosed from making it in this case.[9]

---

[9] Based on the court's ruling regarding waiver of plaintiffs' notice of deficiency claim, it is not necessary for the court to reach the question of whether plaintiffs should have been sent a notice

- 14 -

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the government's motion to dismiss and **DENIES** plaintiffs' motion for summary judgment as moot. The Clerk is directed to enter judgment accordingly. Each party to bear its own costs.

**IT IS SO ORDERED.**

                s/Nancy B. Firestone
                NANCY B. FIRESTONE
                Judge

---

of deficiency. The court notes, however, that under the standards established by the Federal Circuit, the claim is not well supported. In Olson v. United States, 172 F.3d 1311, 1317-18 (1999) the Federal Circuit made plain that "'mere computational' affected items are not subject to the 'standard' deficiency procedures and thus do not require notices of deficiency before making an assessment against the taxpayer. . . . That the IRS has to ask the taxpayer for a pertinent figure or for the source of a figure does not make the adjustment non-computational. Indeed, despite the fact that the IRS may need assistance as to the derivation of certain figures on the tax returns, no individualized factual determination takes place as to the correctness of the originally declared figures or any other factual matter such as the state of mind of the taxpayer upon filing." And in Bush, the Circuit stated, "a notice of deficiency is due under I.R.C. § 6230(a)(2)(A)(i) only when 'uncertainty as to factual matters must be resolved before arriving at a figure for those affected items.'" 655 F.3d at 1334. The Circuit then listed the types of such factual determinations outlined in earlier cases, as follows:

> [I]n some instances the IRS may issue a penalty for negligently under-reporting a partner's share of a partnership's tax liability. This requires a factual inquiry into the taxpayer's negligence and cannot be assessed without a notice of deficiency. Another example is when the taxpayer and a third party have an agreement for the assumption of certain tax liabilities. This would require the IRS to make a factual determination regarding these assumed liabilities and would entitle the taxpayer to a notice of deficiency.

Id. (internal citations omitted). Given the nature of plaintiffs' claims, they do not appear to have identified a reason for the IRS to have issued a notice of deficiency. To the contrary, it appears that their real complaint is with the terms of the computational adjustment. However, any attempt to challenge the computational adjustment as erroneously computed must be filed within six months. See I.R.C. §§ 6230(c)(1)(A), (c)(2)(A) (If the IRS erroneously computes an adjustment necessary to apply to a partner "a settlement, a [FPAA], or the decision of a court in an action brought under section 6226," then "the partner must file a refund claim within six months after the IRS mails notice of the computational adjustment to the partner."). This they failed to do.